UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANCISCO GONZALEZ,<br><br>             Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL,<br><br>             Respondent. | Case No. 22-cv-04057-RS (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition states cognizable claims. Respondent shall file a response to the petition on or before **March 10, 2023**.

## BACKGROUND

In 2018 a San Francisco County Superior Court jury convicted petitioner of two counts of oral copulation or sexual penetration of a child, one count of committing a forcible lewd act on a child, and one count of committing a lewd act on a child. *People v. Gonzalez*, No. A157110, 2020 WL 6194411, at *4 (Cal. Ct. App. Oct. 22, 2020). In 2019, a sentence of 23 years to life was imposed. *Id.* Petitioner's attempts to overturn his

conviction in state court were unsuccessful. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges (1) the admission of testimony regarding Child Sexual Abuse Accommodation Syndrome (CSAAS), which included testimony about the probability of false accusations, lowered the prosecution's burden of proof; and (2) the use of CALCRIM No. 1193 violated due process. When liberally construed, these claims are cognizable and shall proceed.

Petitioner's application to proceed *in forma pauperis* is GRANTED. (Dkt. Nos. 2 and 5.) The Clerk shall terminate Ironwood State Prison as a respondent in this action. The termination of ISP will leave Neil McDowell, the warden of the prison in which petitioner is housed, as the sole and appropriate respondent. McDowell is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The

petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **March 10, 2023**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **March 10, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. Nos. 2 and 5.)  The Clerk shall terminate all pending motions.

9. The Clerk shall terminate Ironwood State Prison as a respondent.

**IT IS SO ORDERED.**

**Dated:** December  1  , 2022

_____
RICHARD SEEBORG
Chief United States District Judge