UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE FRANCISCO GONZALEZ,

    Petitioner,

v.

NEIL MCDOWELL,

    Respondent.

Case No. 22-cv-04057-RS (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is untimely, however, as pointed out in respondent's motion to dismiss. (Dkt. No. 8.) The filing deadline for the petition was April 14, 2022, but the petition was not filed until May 25, 2022. The motion is GRANTED and the petition is DISMISSED.

**BACKGROUND**

In 2018 a San Francisco County Superior Court jury convicted petitioner of two counts of oral copulation or sexual penetration of a child, one count of committing a forcible lewd act on a child, and one count of committing a lewd act on a child. *People v. Gonzalez*, No. A157110, 2020 WL 6194411, at *4 (Cal. Ct. App. Oct. 22, 2020). In 2019, a sentence of 23 years to life was imposed. (Respondent's Motion to Dismiss (MTD), Abstract of Judgment, Dkt. No. 8-4 at 2.)

On October 22, 2020, the state appellate court affirmed the trial court's judgment, though it did order the abstract of judgment to be amended because it "incorrectly indicates he was sentenced under the 'One Strike' law in two counts." *Gonzalez*, 2020 WL 6194411, at *1. On January 13, 2021, the state supreme court denied his petition for review. (MTD, State Supreme Court Order, Dkt. No. 8-2 at 2.)

On April 13, 2021, ninety days after the state supreme court denied review, petitioner's convictions became final. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). The fact that the abstract of judgment was amended on appeal does not alter this calculation because it was amended before the limitations period commenced. Also, petitioner was not resentenced — the amendment merely corrected a scrivener's error to show the correct basis for petitioner's sentence. Petitioner admits in his petition he did not file any state habeas petitions regarding his convictions, which means he is not entitled to any statutory tolling. (Pet., Dkt. No. 1 at 6.) This means that he had until April 14, 2022 to file a timely federal habeas petition.

Petitioner filed his federal habeas petition at the earliest on May 25, 2022 under the prisoner mailbox rule[1] (the day he signed his petition) and at the latest on July 4, 2022 (the date handwritten on the envelope, which itself bears a postmark of July 5, 2022). (Pet., Dkt. No. 1 at 8; Dkt. No. 1-1 at 1-2.)

Respondent has filed a motion to dismiss. (Dkt. No. 8.) Petitioner has not filed any response to the motion.

---

[1] The Court assumes that he put the petition in the prison mail the day he signed it and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has a statute of limitations, which is codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. *See id.* § 2244 (d)(1). This one-year clock starts ticking 90 days after the state's highest court has completed direct state review. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen*, 188 F.3d at 1159.

### II. Timeliness of the Petition under the One-Year Limitation Period

Under the one-year limitation period, the petition is untimely. Petitioner had until April 14, 2022 to file a timely habeas petition, which was one-year after his state convictions became final. 28 U.S.C. § 2244(d). He did not file his federal petition until May 25, 2022 at the earliest. Absent sufficient statutory or equitable tolling, the petition is untimely and will be dismissed.

### III. Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. *See Ferguson v.*

*Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner admits in his petition he did not file any state habeas petitions regarding his convictions. (Pet., Dkt. No. 1 at 6.) Therefore, petitioner is not entitled to any statutory tolling.

## IV.  Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Petitioner has not filed any response to the motion to dismiss. Therefore he has not shown he had been pursuing his rights diligently and some extraordinary circumstance prevented timely filing.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 8.) The petition is DISMISSED. The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

ORDER OF DISMISSAL
CASE NO. 22-cv-04057-RS
4

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability in the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated: April 17, 2023

_____
RICHARD SEEBORG
Chief United States District Judge